NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 15 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MACHARIA NAHASHON NJERU,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-1219

Agency No.
A208-412-389

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 11, 2025[**]
Seattle, Washington

Before: GRABER, BEA, and BENNETT, Circuit Judges.

Petitioner Macharia Nahashon Njeru is a native and citizen of Kenya. He petitions for review the Board of Immigration Appeals' ("BIA") final order of removal, in which the BIA dismissed Petitioner's appeal from the Immigration Judge's ("IJ") decision denying Petitioner's application for cancellation of removal

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

because Petitioner did not satisfy the "exceptional and extremely unusual hardship" standard. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(D). *See Wilkinson v. Garland*, 601 U.S. 209, 217 (2024). We deny the petition.

"Where, as here, the BIA cites *Burbano* and also provides its own review of the evidence and law, we review both the IJ's and the BIA's decisions." *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022) (citation omitted). When determining whether the BIA erred in applying the exceptional and extremely unusual hardship standard in 8 U.S.C. § 1229b(b)(1)(D), we review for substantial evidence. *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1003 (9th Cir. 2025). Under that standard, "we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019).

Petitioner's only qualifying relative is his daughter, Sasha, who is a United States citizen. To establish that Sasha would experience exceptional and extremely unusual hardship, the record must compel us to conclude that her hardship would be "substantially beyond the ordinary hardship that would be expected when a close family member leaves the country." *Gonzalez-Juarez*, 137 F.4th at 1006 (citation omitted). It does not.

The agency applied the correct legal standard, and substantial evidence supports its application of that standard. The record reflects that the agency

considered Sasha's age, health, and circumstances. *See id.* at 1006–07 (holding that the BIA's decision in *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 65 (BIA 2001), and its progeny continue to supply the correct legal test); *In re Monreal-Aguinaga*, 23 I. & N. Dec. at 63 (directing the BIA to consider the age, health, and circumstances of qualifying relatives). The agency found that Sasha, age 9 at the time of Petitioner's removal hearing in 2019, would continue to reside with her mother, who had sole custody of Sasha following Petitioner's divorce in 2012, that Sasha's daily life would "essentially be the same," and that Petitioner had not been involved in her life for several years as they lived on opposite sides of the country. Thus, Sasha's daily life is unlikely to be affected by Petitioner's removal. Accordingly, the record does not compel us to conclude that any hardship faced by Sasha would be "significantly different from or greater than the hardship that a deported alien's family normally experiences." *Gonzalez-Juarez*, 137 F.4th at 1006 (citation omitted).

Petitioner also asserts that his arrest by immigration authorities violated the Fourth Amendment. Because, as he concedes, Petitioner did not raise this argument before the agency and therefore failed to exhaust this issue before the agency, we cannot and do not address it in the first instance. *See* 8 U.S.C. § 1252(d)(1); *Santos-Zacaria v. Garland*, 598 U.S. 411, 417-19 (2023); *Perez Cruz v. Barr*, 926 F.3d 1128, 1135 (9th Cir. 2019) (noting the agency's authority to

entertain arguments regarding Fourth Amendment violations).

**PETITION DENIED.**